**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| **MICHAEL DEVEL WHITENER,** | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:05cv0792 AS |
| | ) | |
| **EDDIE BUSS, Superintendent,** | ) | |
| | ) | |
| Respondent | ) | |

### *MEMORANDUM OPINION AND ORDER*

On or about December 19, 2005, *pro se* petitioner, Michael Devel Whitener, an inmate at the Indiana State Prison (ISP), Michigan City, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on May 24, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a handwritten Traverse on June 12, 2006, which this Court has carefully examined. The Attorney General has placed before this Court a series of documents designated A through L4, both inclusive, which explicate in great detail the proceedings involved.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the ISP in this district. He was the subject of a prisoner disciplinary proceeding which found that he had engaged in aiding and assault with serious injury and a deadly weapon. The sanction

included an earned credit time deprivation of 180 days which implicates *Wolff v. McDonnell*, 418 U.S. 539 (1974). There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

The underlying administrative proceedings designated as ISP 05-08-0022 occurred in the summer of 2005 at the ISP. It is indicated in the papers before this court that in addition to the 60-year sentence for murder now being served by this petitioner at the ISP, when that sentence is served there is an additional 45-year sentence which appears to be consecutive and which this petitioner will be bound to serve. The realities of the situation are that what is done here may make very little real difference but it is an obligation of this court to deal with the relevant issues in any event. In the papers in this case, there is also a reference to yet another proceeding described as 05-ISP-206-OC.

It needs also to be remembered that the failure to present a claim during the administrative process may result in procedural default under *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992) and *Nelson v. McBride*, 912 F.Supp. 403 (N.D. Ind. 1996). The Attorney General is quite correct that the species of procedure is the subject matter of the Supreme Court's decision in *Wolff*, and is significantly different than proceedings under the Sixth

Amendment of the Constitution regarding criminal offenses. Generally the so-called double jeopardy clause of the Fifth Amendment as it has been incorporated into the Fourteenth Amendment of the Constitution of the United States does not apply to this species of proceedings. *See Rowold v. McBride*, 973 F.Supp. 829, 834 (N.D. Ind. 1997). The collateral review envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States. *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989). The focus is not on violations of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991). *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997).

There are certain very important procedural requirements with regard to notice enunciated in *Wolff* and certainly explicated in *Whitford v. Boglino*, 63 F.3d 527 (7th Cir. 1995). That appears to have been followed in this proceeding. This court does not bottom any decision here on harmless error.

The three points raised in the petitioner's Traverse do not undermine the CAB's decision. The notice requirement is really one that has to be examined under the due process clause of the Fourteenth Amendment. The Amendment meets the due process standard and does not undermine it. It was for the CAB and the administrative process to determine whether the charge was untrue or lacked merit. This court should not gainsay the determination of credibility and believability that is made by the CAB.

The petitioner is quite correct in citing *Wolff*. He also cites a state law case in New

York in 1985 which is not binding on this court as a precedent and is actually from a different procedural context. To the extent that that state law case from New York is in tension with *Wolff*, *Wolff* would prevail and this court has already determined that the procedures here follow those by *Wolff*.

This court has taken the trouble to look again at *Lenea v. Lane*, 882 F.2d 1171 (7th Cir. 1989). To be completely candid but not disrespectful, the 1989 opinion of Judge Manion in *Lenea* is not supportive of the contentions made by this petitioner here. The record here is examined in the light of the reasoning in *Lenea* is quite sufficient. It is the belief here that the sensitivity about the usefulness of polygraph evidence is key to the decision in *Lenea*. Overall, giving due account for its timeliness, *Lenea* remains an important analysis for this species of case even yet today, but does not support the reversal of the decision of the CAB here.

The petitioner has presented no basis here for relief under 28 U.S.C. §2254. Such relief is now **DENIED. IT IS SO ORDERED**.

**DATED:** June 15, 2006

                                                     **S/ ALLEN SHARP**
                                                    **ALLEN SHARP, JUDGE**
                                                    **UNITED STATES DISTRICT COURT**